UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

JESSE L. YOUNGBLOOD,

    Plaintiff,

vs.

THE PEOPLE, STATE OF CALIFORNIA; S.V.S. PRISON; Warden A. A. LAMARQUE; and 45 Unknown Names of Gov. Officials,

    Defendants.

No. C 11-4064 PJH (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff, a prisoner at the state's R. J. Donovan Correctional Facility in San Diego, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

## DISCUSSION

### A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the

grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff's claims are difficult to understand. He says that he was threatened by "(45) unknown staff member[]s" at Salinas Valley State Prison, and that they "followed through" by "arbitar[]y infliction of cruel and unusual punishment." He does not say what the threats were about or what they were, and he does not say what punishment was inflicted. He also says that he was warned that if he did not "comply" he would be given an indeterminate Security Housing Unit term. He does not say what he was told to "comply" with. Much of the rest of the claim is impossible to follow.

Allegations of verbal harassment and threats fail to state a claim cognizable under 42 U.S.C. § 1983. *See Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997) (harassment); *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (threats). And plaintiff's

2

allegation that he was subjected to cruel and unusual punishment is conclusory, and so fails to state a claim under the standard announced in *Iqbal*. For these reasons, to the extent that plaintiff's legal claims are discernable, they are inadequate to state a claim.

In addition, two of the defendants plaintiff has named are the "People of California," who do not constitute a suable entity, and Salinas Valley State Prison, which is an agency of the state of California and thus cannot be sued in federal court. *See, e.g., Brown v. Cal. Dep't of Corrs.*, 554 F.3d 747, 752 (9th Cir. 2009) (holding that Eleventh Amendment immunity extends to suits against state agencies; California Department of Corrections and California Board of Prison Terms entitled to 11th Amendment immunity); *Allison v. Cal. Adult Authority*, 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin Prison not persons within meaning of Civil Rights Act). Because no amendment could cure these defects, the claims against the People and Salinas Valley State Prison will be dismissed without leave to amend.

In the abstract, the third defendant, Warden Lamarque, might be a proper defendant, but plaintiff has alleged no facts showing that Lamarque had any involvement in or knowledge of the events that give rise to his claim; Lamarque is not even mentioned in the portion of the form complaint in which plaintiff is asked to set out his claim. He thus has failed to state a claim against Lamarque. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (even at the pleading stage, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights."). The claims against Lamarque will be dismissed with leave to amend.

## CONCLUSION

1. Plaintiff's claims against the People of California and Salinas Valley State Prison are **DISMISSED** with prejudice.

2. Plaintiff's claims against defendant Lamarque are **DISMISSED WITH LEAVE TO AMEND**, as indicated above, within thirty days from the date of this order. The amended complaint must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely

replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of these claims.

3. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: November 30, 2011.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\CR.11\YOUNGBLOOD4064.DWLA.wpd

4