UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

JESSE L. YOUNGBLOOD,

    Plaintiff,

vs.

THE PEOPLE, STATE OF CALIFORNIA; S.V.S. PRISON; Warden A. A. LAMARQUE; and 45 Unknown Names of Gov. Officials,

    Defendants.

No. C 11-4064 PJH (PR)

**ORDER OF DISMISSAL**

    This is a civil rights case filed pro se by a state prisoner. The court conducted an initial review in which it dismissed the complaint with leave to amend because it did not state a claim. In that order the court also dismissed with prejudice the claims against the people of the state of California and "S.V.S. Prison," leaving only Warden Lamarque and the forty-five unknown prison employees.

    Plaintiff amended. The court concluded that the amended compliant contained only respondeat superior claims against Lamarque, and so dismissed the claims against him again, this time with prejudice. The court dismissed the claims against the other defendants, forty-five John Does, with leave to amend. Plaintiff was instructed that to state a claim against any John Doe defendant he must "say what each Doe did, providing enough detail to make the claim plausible." He also was warned about the limits of property claims in section 1983 suits. *See Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (negligent deprivation of property does not give rise to due process claim under § 1983 if deprivation was random and unauthorized; state employee negligently lost prisoner's hobby kit), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327, 330-31 (1986);

*Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (applying *Parratt* to intentional destruction of inmate's property).

Plaintiff has filed a second amended complaint. He asserts that Correctional Officer M. Arrendo, who he apparently seeks to add as a defendant, took his property from him as a result of a "lockup order," inventoried the contents, and gave the property to Correctional Officer J. Stevensen, who plaintiff also apparently intends to name as a new defendant, to store. He also alleges that while he was in segregation Correctional Officer Brown, another new defendant, was "in charge of property," and released the property back to him with some items missing. He alleges that he was reimbursed for the lost property and told to file another grievance if he discovered more missing property, but when he did so the grievance was denied at all levels. There are no allegations regarding Doe defendants.

It is evident that these claims are for negligent or intentional unauthorized loss of property, and thus cannot be the basis for suit here. The second amended complaint is **DISMISSED** with prejudice. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: March 16, 2012.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.11\YOUNGBLOOD4064.DSM2.wpd

2